# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TANYA SINGH,

                         Plaintiff,

-vs-                                      Case No.  6:08-cv-1605-Orl-35KRS

HOPKINS MEAT PACKING, INC.,
JANE M. RYSDYK

                         Defendants.

_____

## ORDER

This cause came on for consideration without oral argument on the following motions:

| MOTION: | DEFENDANT HOPKINS MEAT PACKING PLANT INC. MOTION TO SET ASIDE DEFAULT JUDGMENT (Doc. No. 13) |
| --- | --- |
| FILED: | November 4, 2008 |

| MOTION: | DEFENDANT JANE M. RYZSDYK'S MOTION TO SET ASIDE DEFAULT JUDGMENT (Doc. No. 15) |
| --- | --- |
| FILED: | November 4, 2008 |

| MOTION: | DEFENDANT HOPKINS MEAT PACKING PLANT INC. MOTION TO SET ASIDE DEFAULT JUDGMENT (Doc. No. 16)[1] |
| --- | --- |
| FILED: | November 4, 2008 |

_____

[1] The motion filed at docket no. 16 is an exact duplicate of the motion filed at docket no. 13.

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT(Doc. No. 18)** |
| **FILED:** | **November 5, 2008** |

## I.   BACKGROUND.

On September 18, 2008, Tanya Singh filed suit against Hopkins Meat Packing, Inc. ("Hopkins") and Jane M. Ryzsdyk, alleging violation of the overtime provisions of the Fair Labor Standards Act.  Ryzsdyk was served as Secretary[2] of Hopkins on September 26, 2008.  Doc. No. 8.  Ryzsdyk was served in her individual capacity on October 6, 2008.  Doc. No. 9.  Singh moved for entry of default on October 29, 2008, and the Clerk entered default the following day.  Doc. Nos. 10, 11.

On November 4, 2008, counsel for Hopkins and Rysdyk filed their answers to the complaint.  Doc. Nos. 12, 14.  Simultaneously with the answers, Rysdyk and Hopkins filed the instant motions to set aside the defaults.  Defendants argue that they responded to the complaint by writing a letter to Plaintiff's counsel and enclosed exhibits, however, they failed to file an answer timely with the court due to mistake and lack of legal knowledge.   The answers assert that Singh has committed fraud upon the Court by intentionally and willfully misleading the Court as to her pay and damages, and that Defendants have accurate records establishing Singh's pay.  Hopkins also counterclaims against Singh for civil theft.

Following the filing of Defendants' answers and motions, Singh filed a motion for default judgment against Defendants.  Doc. No. 18.

---

[2]  I assume for present purposes that Rysdk was an officer rather than a clerical employee of Hopkins.

## II.    STANDARD OF REVIEW.

Federal Rule of Civil Procedure 55(a) permits an entry of default when "a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The defendants' motion to set aside or vacate the default is based on Federal Rule of Civil Procedure 55(c), which allows the setting aside of an entry of default when "good cause" is shown. Fed. R. Civ. P. 55(c).

Generally, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir.1993). The Eleventh Circuit has recognized that "a technical error or a slight mistake by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." *Id.* (citation omitted).

The "good cause" requirement of Rule 55(c) is a liberal, elastic standard that does not have a precise formula. *Compania Interamaricana Export-Import, S.A. v. Compania Dominica De Aviacion*, 88 F.3d 948, 951 (11th Cir.1996). The court looks at a number of factors, including whether the defaulted party was culpable or willful in their conduct, whether setting aside the default would prejudice the opposing party, and whether the defaulted party has a meritorious defense. *Id*. (citing *Robinson v. United States*, 734 F.2d 735. 739 (11th Cir.1984)). Additional factors that may be considered are whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *Id*.

It is well within the discretion of the trial court to set aside an entry of default. *Robinson,* 734 F.2d at 739. The standard imposed on the defaulting party for setting aside an entry of default is different from and less burdensome than the standard for setting aside a default judgment. *EEOC v.*

*Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 527-28 (11th Cir.1996).  To set aside an entry of

default, the Court must find that:

> (1) there was excusable neglect on the part of the defaulting party for
> not answering the complaint; (2) the defaulting party responded
> promptly after notice of the entry of default; (3) setting aside the
> default will not prejudice the non-defaulting party; and (4) the
> defaulting party had a meritorious defense.

*Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 236 (M.D. Fla. 1993).  "When it is uncertain

whether good cause exists, courts generally have found it appropriate for trial judges to exercise their

discretion in favor of setting aside defaults so that cases may be decided on their merits."  *Theiss v.*

*Giove Law Office, P.C.*, No. 8:08-cv-356-T-17MSS, 2008 WL 2323911, *3 (M.D. Fla. June 5, 2008)

(citing WILLIAM H. DANNE, ANNOTATION, WHAT CONSTITUTES "GOOD CAUSE" ALLOWING A

FEDERAL COURT TO RELIEVE PARTY OF HIS DEFAULT UNDER RULE 55(C) OF FEDERAL RULES OF CIVIL

PROCEDURE, 29 A.L.R. Fed. 7 (1976)).

## III.    ANALYSIS.

Singh argues that Defendants' lack of litigation knowledge does not rise to the level of

excusable neglect and that Defendants "were aware" of the consequences of failing to file an answer.

There is no evidence that Defendants' statement that they lacked litigation knowledge is inaccurate.

There is no record that either defendant previously has been sued in this Court.  Nor is there any

evidence that plaintiff's counsel informed Defendants that their letter response to counsel was

insufficient.

The facts of this case are markedly different than the *Ehlers* decision upon which Singh relies.

In *Ehlers*, the defendant had been informed that the plaintiff intended to prosecute its claim.  *Ehlers*,

8 F.3d at 784.  Despite this knowledge, the defendant took no further steps to obtain representation after he was unable to contact his attorney.  *Id*.  The evidence also showed that the plaintiff contacted another one of the defendant's attorneys approximately twenty times in an effort  to resolve the case.  *Id*. at 782, 784.  In this case, there is no evidence that the Defendants were sophisticated regarding legal or business matters.  Further, there is no evidence that they willfully failed to respond.  I find that Defendants' actions in this case are the type of slight mistake that constitute excusable neglect.

Defendants have acted quickly to correct their mistake.  Hopkins' answer was due on October 16, 2008, and Ryzsdyk's answer was due on October 27, 2008.  Their answers, filed on November 4, 2008, were filed within three business days after default was entered.  Singh has suffered no prejudice from this short delay.  Further, Defendants assert a meritorious defense in that they claim to have documents that would refute Singh's claim for unpaid wages.

Given the facts of this case and given the preference to decide cases on their merits, it is **ORDERED** that:

Defendant Hopkins Meat Packing Plant Inc. Motion to Set Aside Default Judgment, doc. no. 13 is **GRANTED.**  The duplicate motion filed at doc. No. 16 is **DENIED** as moot.  Defendant Jane M. Ryzsdyk's Motion to Set Aside Default Judgement, doc. no. 15, is **GRANTED**.  The Clerk is directed to vacate the default entered at docket number 11.

-5-

**IT IS FURTHER ORDERED** that Singh's Motion for Entry of Default Final Judgment is **DENIED** as moot.

**DONE** and **ORDERED** in Orlando, Florida on November 13, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE